UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:01-cr-00185-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| LAMONT TATE, | ) |
| | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Defendant's Motion for Reduced Sentence under the First Step Act of 2018. (Doc. No. 291). The Government responded in opposition to a reduction in Defendant's sentence, (Doc. No. 296), and Defendant subsequently filed a Reply brief in support of his Motion. (Doc. No. 297). In accordance with district practice, the United States Probation Office prepared a Supplemental Presentence Report pursuant to the First Step Act of 2018. (Doc. No. 294). For the foregoing reasons, Defendant's Motion is DENIED.

## I. Background

Defendant was one of five defendants indicted in a nine-count Bill of Indictment filed in the Western District of North Carolina on September 11, 2001. (Doc. Nos. 3; 255, p. 4). Defendant's charges originate from his participation in a drug-trafficking conspiracy from 1998–2000, including an incident on August 19, 1999 in which he and a co-defendant shot and killed the girlfriend of a fellow co-conspirator. (Doc. No. 255, p. 6). On September 12, 2002, Defendant voluntarily entered into a plea agreement with the United States under Federal Rule of Criminal Procedure 11(c)(1)(C) to one count of conspiracy to possess with intent to distribute "at least 150 grams but less than 500 grams" of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and

1

851 ("Count 1"), and possession of a firearm during and in relation to a drug trafficking crime resulting in murder and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 924(j)(1) and (2) ("Count 2"). (Doc. Nos. 79, 80). The Government also filed an Information under 21 U.S.C. § 851, listing at least two prior felony drug convictions. (Doc. No. 294). Pursuant to the plea arrangement, Defendant "stipulate[d] that a murder was committed in furtherance of the drug conspiracy as alleged in the Bill of Indictment," and the Court applied a cross-reference to the first-degree murder under U.S.S.G. §§ 2D1.1, 2A1.1. (Doc. No. 79 ¶ 4).

On February 25, 2003, the Court sentenced Defendant to a term of 360 months on Count 1 and 360 months on Count 4 to run concurrently. (Doc. No. 121). The Court sentenced Defendant to five years of supervised release on Count 1, and three years of supervised release on Count 4 to be run concurrently. (Id.). In doing so, the Court found Defendant's: 1) total offense level to be 40 based on the cross-reference to first-degree murder pursuant to U.S.S.G. § 2A1.1; 2) criminal history category to be IV, and 3) guideline range to be life imprisonment pursuant to the § 851 enhancement for Count 1 and 360 months to life for Count 4. (Doc. No. 294).

The Court subsequently denied Defendant's motions for a sentence reduction made pursuant to Amendments 706, 750, and 782 of the United States Sentencing Guidelines, finding there was no change in the guideline calculations based on Defendant's offense level and cross-reference to first-degree murder. (Doc. Nos. 210, 250, 273). As such, Defendant's original sentence pursuant to the plea arrangement remains in place, of which he has served *approximately* 290 months as of the date of this Order, with a projected release date of July 31, 2026. (Doc. Nos. 291, p. 10; 291-1; 294 p. 3).

## II. Sentence Reduction Pursuant to Section 404 of the First Step Act

Defendant asks this Court to exercise its discretion under the First Step Act of 2018 to impose a reduced sentence of time served. (Doc. No. 291, p. 5). Defendant seeks relief pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which gave retroactive effect to the changes made in Sections 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220. The Fair Sentencing Act described itself as intended "[t]o restore fairness to Federal cocaine sentencing." Id., 124 Stat. at 2372. In Section 2, labeled "Cocaine Sentencing Disparity Reduction," the Fair Sentencing Act increased the quantities applicable to cocaine base to 280 grams for the ten-year mandatory minimum and to 28 grams for the five-year mandatory minimum. Id. § 2, 124 Stat. at 2372 (codified at 21 U.S.C. § 841(b)(1)). In Section 3, the Fair Sentencing Act eliminated the mandatory minimum sentence for "simple possession" of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372 (codified at 21 U.S.C. § 844(a)).

With its enactment in 2018, Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010, and allows the court that imposed a sentence for a covered offense to exercise its discretion to impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. Id. The Fourth Circuit has explained the impact:

> [B]efore the Fair Sentencing Act, crack cocaine trafficking offenses fell into three brackets: (1) offenses involving 50 or more grams, which were punished by 10 years to life in prison, see 21 U.S.C. § 841(b)(1)(A)(iii) (2006); (2) offenses involving between 5 and 50 grams, which were punished by 5 to 40 years in prison, see 21 U.S.C. § 841(b)(1)(B)(iii) (2006); and (3) offenses involving less than 5 grams (or an unspecified amount), which were punished by 0 to 20 years in prison, see 21 U.S.C. § 841(b)(1)(C) (2006). The Fair Sentencing Act's amendments to Subsections 841(b)(1)(A)(iii) and (B)(iii) shifted all three brackets upward, so that now (1) offenses involving 280 or more grams are punished by 10 years to life in prison, see 21 U.S.C. § 841(b)(1)(A)(iii) (2018); (2) offenses involving between 28

3

and 280 grams are punished by 5 to 40 years in prison, see 21 U.S.C. § 841(b)(1)(B)(iii) (2018); and (3) offenses involving less than 28 grams (or an unspecified amount) are punished by 0 to 20 years in prison, see 21 U.S.C. § 841(b)(1)(C) (2018).

United States v. Woodson, 962 F.3d 812, 815 (4th Cir. 2020).

A. Standard of Review

As an initial matter, the Fourth Circuit has recognized a defendant need not be present when considering his motions for sentence reduction pursuant to the First Step Act. United States v. Collington, 995 F.3d 347, 360 (4th Cir. 2021) (noting "procedural reasonableness in this context [of a First Step Act motion under Section 404(b)] would not require the district court to hold a resentencing hearing"); see also Fed. R. Crim. P. 43(b) ("A defendant need not be present under any of the following circumstances: . . . (4) Sentence Correction. The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."); United States v. Barraza, No. 3:07-CR-00079-FDW, 2021 WL 4810338, at *1 (W.D.N.C. Oct. 14, 2021) ("Rule 43(b)'s reference to '18 U.S.C. § 3582(c)' in its entirety and without limitation to subsection necessarily means a defendant is not required to be present for sentence reduction proceedings conducted pursuant to § 3582(c)(1)(A), § 3582(c)(1)(B), or § 3582(c)(2)."). As such, no hearing is required.

This Court must first determine whether Defendant's sentence satisfies the explicit criteria to *qualify* for reduction under the First Step Act, and, if so, then the Court is given discretion to *impose* a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. The Fourth Circuit has explained:

> [A] district court presented with a First Step Act motion to reduce a sentence must first determine whether the sentence qualifies for reduction — i.e., whether it is eligible for consideration on the merits. This eligibility determination is not a

4

function of discretion but simply of applying the explicit criteria set forth in the First Step Act. *First*, the sentence sought to be reduced must be for a "covered offense" — that is, "a violation of a Federal criminal statute the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, and that was committed before August 3, 2010." First Step Act, § 404(a), 132 Stat. at 5222 (citation omitted). We have concluded that a "covered offense" includes violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C). *Second*, the motion for a reduction must be addressed to the court that imposed the subject sentence. First Step Act, § 404(b), 132 Stat. at 5222; cf. 28 U.S.C. § 2255(a) (requiring that § 2255 motions challenging sentences be made to "the court which imposed the sentence"). And *third*, the sentence must not have been "previously imposed or previously reduced" under the Fair Sentencing Act and must not have been the subject of a motion made after enactment of the First Step Act that was denied "after a complete review of the motion on the merits." First Step Act, § 404(c), 132 Stat. at 5222.

Upon determining that a sentence qualifies for review on the merits, the court is then given discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act, § 404(b), 132 Stat. at 5222. The stated policy governing the exercise of this discretion is to bring a sentence that is qualified for reduction in line with a sentence that the court would have imposed under the Fair Sentencing Act had it been in effect. [See Fact Sheet, Senate Comm. on the Judiciary, The First Step Act of 2018 (S. 3649) — as Introduced (Nov. 15, 2018)].

To determine the sentence that the court would have imposed under the Fair Sentencing Act, the court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of intervening case law and a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a). And in considering the § 3553(a) factors, the court can take into account a defendant's conduct after his initial sentencing.

United States v. Lancaster, 997 F.3d 171, 174–75 (4th Cir. 2021) (internal case citations and quotations omitted; emphasis in original); see also Collington, 995 F.3d at 355.

The Fourth Circuit requires that the imposition of a reduced sentence be procedurally and substantively reasonable, which means that in exercising its discretion, the district court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given

5

sentence remains appropriate in light of those factors, and adequately explain that decision." Collington, 995 F.3d at 360 (citations omitted). Notwithstanding the procedural and substantive reasonableness requirements in this Circuit, the Court is not required to engage in a complete resentencing of Defendant:

> Engaging in this analysis nonetheless leaves the court with much discretion, and the analysis is not intended to constitute a plenary resentencing. Moreover, the analysis is not intended to be a complete or new relitigation of Guidelines issues or the § 3553(a) factors. Rather, the scope of the analysis is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances. If, after conducting the analysis, the court determines that the sentence would not be reduced, then no relief under the First Step Act is indicated.

Lancaster, 997 F.3d at 175 (case citations omitted); see also Collington, 995 F.3d at 358 ("Ultimately, the First Step Act contemplates a robust resentencing analysis, albeit not a plenary resentencing hearing."); but see Lancaster, 997 F.3d at 178 (Wilkinson, J., concurring) ("[O]ur circuit, notwithstanding the protestations, has come very close to requiring a plenary resentencing at a more than ten-year remove from the most relevant evidence."). Bearing these principles in mind, the Court turns to Defendant's arguments.

**B.     First Step Act**

Here, the parties agree Defendant's sentence under Count 1 for conspiracy to possess with intent to distribute cocaine base, pursuant to 21 U.S.C. § 841(b)(1)(A)[1], is a "covered offense" committed before August 3, 2010, making him eligible for a sentence reduction under Section 404 of the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194; see also Lancaster, 997 F.3d at 174 (4th

---

[1] Defendant's original sentence was calculated under 21 U.S.C. § 841(b)(1)(A) for being over 50 grams of cocaine base. In applying the First Step Act, Defendant's sentence falls within 21 U.S.C. § 841(b)(1)(B) since his plea agreement stipulated to a conspiracy to possess with intent to distribute "at least 150 grams but less than 500 grams" of cocaine base. (Doc. No. 79).

6

Cir. 2021) ("We have concluded that a "covered offense" includes violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C)." (Citations omitted)). While Defendant had previously moved for relief under Amendments 706, 750, and 782 of the United States Sentencing Guidelines while incarcerated, he has not exhausted complete review for reduction in sentence under the First Step Act on the merits. First Step Act, § 404(c), 132 Stat. at 5222. Therefore, in determining that Defendant qualifies for a reduction under the First Step Act, the Court must make an *individualized* determination, in its discretion, whether a reduced sentence to time served is warranted. United States v. Martin, 916 F.3d 389, 397 (4th Cir. 2019) (emphasis added). In doing so, the Court has reviewed the record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See, e.g., Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Lancaster, 997 F.3d at 176; Collington, 995 F.3d at 360; Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished).

The stated policy governing the exercise of the Court's discretion is to "bring a sentence that is qualified for reduction in line with a sentence that the court would have imposed under the Fair Sentencing Act had it been in effect." See Fact Sheet, Senate Comm. on the Judiciary, The First Step Act of 2018 (S. 3649) — as Introduced (Nov. 15, 2018). Notwithstanding the guiding purpose behind the First Step Act, Defendant's offense level was based upon a cross-reference to the commission of first-degree murder while Defendant was actively participating in a violent drug-trafficking conspiracy. As such, there was no change in the guideline calculations for Count 1 of Defendant's existing sentence. See U.S.S.G. § 2A1.1. Additionally, Defendant received a term of supervised release—five years—which is *lower* than the statutorily required term when taking

7

into account his § 851 enhancement for previous serious drug felony convictions. See 21 U.S.C. § 841(b)(1)(B) (providing for "a term of supervised release of at least 8 years in addition to such term of imprisonment."). Therefore, any reduction would fail to bring the qualifying sentence in line with a sentence that the Court would have imposed under the Fair Sentencing Act had it been in effect.

Although the Government conceded Defendant's sentence under Count 1 is eligible for discretionary reduction, it asserts the sentencing factors described in 18 U.S.C. § 3553(a) weigh against any reduction. (Doc. No. 296, p. 6). The Court agrees. Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute.[2] Here, absent the carefully crafted plea agreement stipulating to a 360-month sentence, Defendant faced multiple life sentences[3] for nefarious drug trafficking schemes, which culminated in the homicide of a bystander in August of 1999. At the time of these charged offenses, Defendant had previously been convicted of seven drug offenses and was calculated to have a criminal history category of IV. (Doc. No. 294). Analyzing the nature and circumstances of the offense for which Defendant is currently incarcerated, the record supports the conclusion that these offenses are serious in nature, underscored by Defendant's substantial criminal history. As such, the stipulated sentence of 360-months is sufficient, but not greater than necessary to reflect the seriousness of

---

[2] In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

[3] Defendant acknowledged in the plea agreement that, if convicted of the § 924(c) offense resulting in death, he was subject to a *mandatory* sentence of *life in prison or death*. (Doc. No. 79 ¶ 3) (emphasis added).

Defendants convicted acts, afford adequate specific and general deterrence for similar conduct, and protect the public from further crimes.

The Court is mindful that Defendant has served over two decades of his agreed-upon sentence; however, there is insufficient evidence of post-sentencing rehabilitation to outweigh the previously discussed § 3553(a) factors. Defendant argues, citing cases such as United States v. Martin, 916 F.3d 389 (4th Cir. 2019), that this Court should grant a sentence reduction based on his post-sentencing conduct. In Martin, the Fourth Circuit held that the district court improperly denied the defendant's First Step Act motion by failing to give her an "individualized explanation" for the denial, especially in light of her "mountain of new mitigating evidence." Id. at 396. The Fourth Circuit pointed out that the defendant "not only successfully pursued her GED but also became a respected tutor for other inmates and helped incarcerated women follow her footsteps in achieving their educational goals." Id. Further, the defendant "exhibited such exemplary behavior while incarcerated that correctional staff moved her into a low security facility." Id.

Defendant's conduct while incarcerated is distinguishable from that of Martin. While the Court commends Defendant for his successful participation in dozens of programs while in prison, the completion of these programs is not remarkable given the length of time Defendant has been incarcerated. See United States v. High, 997 F.3d 181, 190 (4th Cir. 2021) (recognizing "While these are certainly positive factors, they are much more similar to the various educational courses Chavez-Meza had taken in prison than to the exceptional post-sentencing conduct of the defendants in Martin and McDonald." (citing Chavez-Meza, 138 S. Ct. at 1967; Martin, 916 F.3d at 396; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021)). Further, the Bureau of Prisons has reported three disciplinary actions, including "disruptive conduct-greatest" on

9

September 10, 2018, "phone abuse-disrupt monitoring" on February 1, 2018, and "refusing work/program assignment" on August 21, 2006. (Doc. No. 294, p. 3). Therefore, in balancing the § 3553(a) factors for this Defendant under this record, the Court finds that his positive post-sentencing rehabilitation efforts are substantially outweighed by the nature and circumstances of Defendant's offense, thereby failing to necessitate the imposition of a reduced sentence.

Lastly, Defendant argues the Court should reduce his sentence to avoid an unwarranted sentence disparity with one of his co-conspirators. (Doc. No. 291, p. 9). The Court disagrees. One of the hallmark purposes of the United States Sentencing Commission is to provide certain and fair punishment, while "maintaining sufficient flexibility to permit individualized sentences when warranted." 28 U.S.C. § 991(b)(1)(B). Taken in conjunction with § 3553(a)(6), the Supreme Court has instructed that, to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, "the Guidelines should be the starting point and the initial benchmark . . . [however,] are *not the only consideration*." Gall v. United States, 552 U.S. 38, 49 (2007) (emphasis added). This Court, in explicitly considering § 3553(a)(6), has reviewed the record, conduct of the parties, and all other relevant evidence in concluding that the co-conspirator Defendant references is not similarly situated in this matter. To start, Defendant concedes that his criminal history category is two levels higher (IV, compared to II) than the noted co-conspirator. (Doc. No. 291, pp. 9-10). Further, Defendant was convicted of more serious offenses, most notably, possession of a firearm during and in relation to a drug trafficking crime resulting in murder under § 924(j), which required the imposition of life-imprisonment absent the plea arrangement. (Doc. No. 121). This conviction stems specifically from Defendant's deliberate act of shooting at and killing the co-conspirator's girlfriend during an altercation over the illicit

10

drug trade. Finally, Defendant opted to plead guilty and stipulate to a 30-year prison sentence, whereas the co-conspirator went to trial and encountered significantly dissimilar procedural hurdles in arriving at a sentence that resulted in his release in 2019. Therefore, the Court finds Defendant's record and convicted conduct do not equate to an unwarranted sentence disparity under § 3553(a)(6) necessitating a reduction in sentence to time served.

### III. Conclusion

For the reasons stated above, the Court finds a sentence of 360-months and five years of supervised release for Counts 1 and 4 is sufficient, but not greater than necessary, to meet the sentencing goals of punishment, deterrence, protection of the public, and rehabilitation pursuant to 18 U.S.C. § 3553(a).

IT IS THEREFORE ORDERED that Defendant's Motion for Reduced Sentence under the First Step Act of 2018 (Doc. No. 291) is DENIED.

IT IS SO ORDERED.

Signed: April 11, 2022

Frank D. Whitney
United States District Judge